The 4th District Appellate Court of the State of Illinois has reconvened. The Honorable Robert J. Steigman presiding. Thank you, Mr. Bailiff. The next case for us this afternoon is 423-0611, the remarriage of Elizabeth T. Kestner Pennell and Russell T. Pennell, if that's pronounced correctly. Will Counsel for Appellant please state your name for the record? Yes. Good afternoon, judges. My name is Dawn Wall, and I'm appearing for the Appellant, Russell Pennell. Thank you, Counsel. And Counsel for the Appellate, please state your name for the record. Thank you, Justice. My name is Aaron Galloway, Counsel for the Appellate, Elizabeth Kestner Pennell. Thank you, Counsel. Then, Ms. Wall, on behalf of the Appellant, you may proceed. Thank you, Your Honors. May it please the Court, Counsel, as I indicated, I am Dawn Wall, and I am here on behalf of the Appellant. And we are, before Your Honors today, on appeal of a judgment of dissolution of marriage that was entered by the trial court February 25th of 2021. Additionally, there was a supplemental judgment of dissolution of marriage entered, orally entered June 9th of 2023, and then those particular findings of the trial court were included in a written order that was entered by the trial court July 12th of 2023, and our appeal in this case was filed before Your Honors July 10th of 2023. The parties in this case were married in July of 2001. The petitioner filed a petition initially for separation in February of 2015. A counterpetition for dissolution of marriage was filed in April of 2015, and then subsequently the petitioner asked for her petition for separation to be amended to a petition for dissolution in February of 2016. Once the petition for dissolution or petition for separation was amended, the trial court did hold a grounds hearing in February of 2016. Additionally, there was a proceeding before the trial court to set temporary maintenance and temporary child support. That was done in February, I'm sorry, in July of 2015, and the parties proceeded forward under that temporary order of the trial court from July 2nd of 2015 forward to the date that the final judgment was entered in 2021. The temporary order that was entered by the trial court on child support and on maintenance continued forward. However, in December of 2015, about six months after that temporary order was entered, the petitioner in this case filed a petition for modification of child support and maintenance. That petition was filed December 23rd of 2015, however, it was never called for hearing. When the case was then called for hearing on all remaining issues, the trial judge actually is the one who raised the issue of that outstanding petition. Yes, your honor. No, they're just clearing my throat. Okay, very good. Sorry about that. While we're stopped here, I know that one of your contentions is that the petition for contribution towards fees was not noticed up, but was there not a prayer for that relief in petitioner's initial filings? And when the court addresses all remaining issues, isn't that one of them that has to be addressed? Your honor, I would indicate that certainly in the amended petition for dissolution, the petitioner in that case did make a request for attorney's fees. I think clearly there was never any petition for contribution filed, but certainly the Against whom was she seeking the petition for attorney's fees? She was seeking that against the respondent and the trial court did have jurisdiction of that issue, your honor, at the evidentiary proceeding. I think our argument is that the trial court made an award of attorney's fees without there being sufficient credible evidence to support that award. I know you'll get to the evidentiary issues. Are you distinguishing a request for fees to be awarded in favor of the petitioner against the respondent as somehow being different than a petition for contribution? Well, I think the timing of it, Judge, under the statutory provisions of 508 and 503J does make a difference, and I think in fact the trial court recognized that when the trial court gave the petitioner leave at the end of the evidentiary hearing held in November of 2020, 30 days to file a petition for contribution, and in fact then John Wright, the attorney at the time that all remaining issues were considered, did in fact file a petition for contribution of fees. I think the greater issue in this instance is that the award of attorney's fees by the trial court is not supported at all by the record, and I would argue that the trial court's finding on that is an abuse of discretion and against the manifest weight. So the trial court split the petitioner's fees 80-20, correct, so that your client was 80% of them, meaning she would be responsible for the balance. What about your client's fees from Bloomington Law Group? Were those allocated similarly? Those were allocated in the judge's supplemental judgment of dissolution. He allocated those fees, however the allocation, I would assert, can't occur unless there's been a finding by the trial court that the fees that are being sought by the petitioner or the respondent were deemed reasonable and incurred as a consequence of the pending proceeding. Did you request that on behalf of your client? I was not the trial court judge, but no, but certainly there was an objection at trial actually because the only evidence offered on the fees in particular of the Kraft-Wooden-Kelly case. I was unclear. Did your client request that the petitioner contribute to his fees? There was a general request, Judge, in his counterpetition for dissolution, however there was no... Having accepted that, having accepted his 20, is he in a bad position to be complaining about the award of her 80? I don't think that there's any evidence in the record, Judge, to support the award of I guess my response would be there's no way to allocate that amount of fees because there's no basis in the record to sustain that and there was no objection by the petitioner at trial as to the attorney's fees that were being claimed by the respondent. And I would, I guess, also add that at the time that the trial court made the allocation of the 80-20 on the fees, that would have been at the hearing in May of 2023 and at that point in time the court in making that supplemental finding did not indicate any factors that supported that 80-20 previously with respect to child care expenses. So I think even if there was an allocation and it was proper, it still needed to be based on specific findings by the trial court which did not occur in this case. With respect to the evidentiary issue, Judge, just while I'm discussing the attorney's fees piece, I would assert that the petitioner's counsel in this case, in his case in testimony, with respect to what the attorney's fees were and the trial court in this instance awarded attorney's fees based on a number that the trial court had put in the debt schedule. Petitioner's 27 was a bill that was received by petitioner for attorney's fees from Craftwood and Kelly and an objection was made to that exhibit, an objection as to reasonableness, an objection as to hearsay. The trial court overruled that objection but I would assert that under the Friesen case of your honors and citing the Kaiser case as the Friesen court did, you can't simply rely on an invoice that is sent to a party to establish the reasonableness or the fact that fees were incurred and in this instance the petitioner testified she didn't even know what amount was owed. Would that rule apply to the extent the invoice had been paid? I think, Judge, once an invoice is paid it's deemed reasonable but again there was no testimony by anyone at Craftwood and Kelly as to the hourly amount, as to the tasks that were performed, and that it was related to this case and actually the petitioner testified in this instance that bill was not paid and in fact said that Katie Craft knew she didn't have any money and she did not know the outstanding amount of that bill. So with respect to that I would assert that you know the trial court's decision on awarding that amount against the respondent based on it just being in the debt schedule was improper and that the evidentiary ruling was to stand. Do you agree it really shouldn't be in the debt schedule? It's not a marital debt? I would agree. In fact, petitioner's counsel indicated that it was his belief at the motion hearing on a motion to reconsider that it was actually a personal debt not a marital debt of the parties in this instance and in fact on the schedule of debt I think the judge reserved who was paying it but he did indicate that it was marital debt which was contrary to what the petitioner's counsel admitted to the court in the post trial motion. I would assert that there that it should have been a personal debt as to each of the parties and that they would bear their own. The court did make that finding with respect to attorney's fees that had been paid by other folks on behalf of these parties. With respect to the other issues that we have raised, we did in fact raise an issue as to the maintenance and the finding as to the duration of maintenance in this particular case and then the trial court's decision which we would argue was an arbitrary decision that he only gave credit to the respondent for maintenance payments made beginning January 1 of 2018 when in fact the respondent had been paying maintenance under the temporary order starting July 2nd of 2015. So essentially the trial court's judgment of dissolution extended the duration of maintenance 30 months. So instead of a 92-month duration we had a 122-month duration of maintenance and section 504 when it was amended by the legislature in 2015 specifically limited the trial court's discretion in these instances where the statutory guideline applied. In this case we are not making an issue that the trial court found that the petitioner was entitled to maintenance but after that determination was made by weighing the 14 factors in 504a we would assert that then the determination is driven by the statutory guidelines in b1 and in fact in that instance the amount of the duration of the if the trial court's going to deviate from that particular duration the trial court should say why in this instance the only reason that the trial court lays out in the findings in its judgment of dissolution of marriage is because the trial court on its own found that there would be retroactivity for only some period of time but the trial court gives no factors and no findings to support that. In this particular instance that petition for an increase of child support and maintenance remained pending for five years. No one called that petition for hearing and certainly under local rule 5c in in this 11th judicial circuit the trial court could have just considered that that petition was moot. Right but that is that is a discretionary call with the trial judge and the trial judge could just as easily not consider it moot. And I would agree with you your honor that it is in the discretion of the trial court however in the same judgment and in the same findings the trial court here finds the petition that was pending in 2015 on modifying maintenance and child support is not moot but the other two petitions that the petitioner filed for temporary relief are in fact moot because they essentially went into the hearing on all remaining issues. I also think it's important to note that we have a respondent here whose expectation at the time of final hearing was that there was no dispute as to the duration of maintenance. There was no dispute as to the start date and the end date of maintenance and there was no request for retroactive relief. And I think that the respondent and respondent's counsel had a right to rely on that because of the proposed issues for consideration before the trial court. And to hold otherwise this petitioner is awarded because this proceeding carried on from July 2nd of 2015 when the temporary order was entered through the multiple evidentiary hearings until the judgment was entered you know almost six years later. And so for the trial court's ruling to stand that respondent who pays maintenance over the course of the entire proceeding in accordance with what a trial court judge has ordered as a temporary order and then that individual relies on that, the petitioner has every incentive then to continue the proceeding for years and years and years to extend the duration of the maintenance. And I think that there was indeed prejudice to the respondent in this case because of the manner in which there were preparations made for the hearing on all remaining issues. With regard to the maintenance and an agreement that essentially was put into the record by the petitioner and the respondent, the trial court in this instance rejected the agreement of the parties with regard to the start date and the end date of the maintenance. How clear is it that the trial court found that there was an agreement? Well certainly according to the judgment entered by the court in considering the factors under 504a the judge said there was no agreement. But in the record clearly the judge was aware that the agreement of the parties was that maintenance was going to end January 2nd of 23. In fact that representation was made at least twice by petitioner's counsel in open court and then that reference or that admission was also made in the proposals that petitioner's counsel and respondent's counsel submitted to the court in advance of the evidentiary hearing. And I would urge that if the judge was going to reject the agreement of the parties as unconscionable then 502 requires the court to say why the court's rejecting that time period. And you know counsel generally stipulate to many many things prior to a hearing. In this instance petitioner cannot credibly say that counsel for petitioner did not stipulate that the end date was going to be for maintenance was going to be January 2nd of 23. Counsel for petitioner says so during the course of the evidentiary hearing. He says so when an issue comes up with respect to an exhibit and he says so again when the parties are arguing the motion to reconsider. And in each of those instances respondent's counsel draws again to the court's attention there was an agreement as to the duration of maintenance. And in fact each of us in our proposals submitted exactly the same. So if the trial court's decision is allowed to stand then going forward when counsel prepare for proceedings before trial courts in dissolution proceedings all bets are off even on stipulated matters. And I rules that are adhered to in these types of dissolution proceedings. I would ask your honors that on the basis of the lack of findings made by the trial court in instances where the court is supposed to make specific findings and the fact that the findings in the judgment of dissolution of marriage and the supplemental judgment are an abuse of discretion arbitrary and against the manifest way I would ask that the trial court's decision be reversed. Thank you counsel. Mr. Galloway on behalf of the appellee you may make your argument. May it please the court again I'm Aaron Galloway. We are asking the court to affirm the trial court's decision. I will start with the issue of attorney fees. One statement that caught my attention is this idea that it's a personal debt and when that is said that doesn't mean it's a non-marital debt and I think there's some confusion on that. Part of the trial court's challenge in this case is you're talking about a marital estate where there is maybe a hundred thousand dollars that has been spent on attorney fees for an estate that's negative in equity. So counsel doesn't statute say the individual's attorney's fees during the course of dissolution litigation that they are not marital debts. It seems as though this one is foreclosed. Well a party can also petition for that and this was in the prayer for relief for the petition. No no I get you can you can petition for contribution from the other party but it starts out it's not a marital debt is it? I would agree that generally each party pays their own unless you file your petition and then you go through the statute under 503 or 508. Right so it probably is a misnomer for the court to have listed it as a marital debt at the beginning. Yes it would probably be it made things difficult the way the trial court had framed this debt schedule. What I would say though is for the trial court my analysis or my argument starts with the presumption that the court did apply the law correctly and I believe that's the appropriate standard here. Part of what the argument I'm hearing today is that not even the petitioner knew the amount but the record shows she did know the amount she had the bills in front of her she refreshed her memory using those invoices and testified at the hearing as to the exact amounts. But can a party provide foundation for an unpaid bill in terms of its reasonableness? A party can show the foundation if they have knowledge of the business record and the activity it does not always require the person who generated the invoice to come in and lay the foundation apart. Is your client an attorney? She is not. How could she have the ability to testify in court this would be a reasonable charge for this service? She would be a party to it and people negotiating with attorneys. She's a party to it when she pays it because now it's a negotiated transaction there's a market value that goes to that it changes it to a presumptively reasonable bill but could she go into another courtroom and offer this testimony on behalf of another attorney that this bill was reasonable? Now so you're having difficulty with your microphone. I'm having trouble understanding what you're saying. We go back and try again maybe that will difficulty will pass. Your answer to just the starters question? It was a little garbled yeah. It seems like it might be a bandwidth thing if there's anyone else in your office using the internet if you might ask them to stop and if worse comes to worse you might think about turning off the camera just to preserve some bandwidth which we don't want you to do but try again speak again and let's hear what you say. I'm sorry is this better justices? Yes. Okay sorry we turn off the replay virus. Do you recall Justice Daugherty's question that I'd like you to answer? Yes Justice Steigman I do. The answer that I was giving is between the two the trial court being able to make a determination of reasonableness and her testimony as to the accuracy of the amounts and the amounts that were incurred the court would have had a basis to make finding a reasonableness. Would she by herself be able to go in and establish the reasonableness in another case? Absolutely not but the trial court can use its own judgment the parties were in front of this court many many times the court certainly remembered the parties the issues and the court can use its own judgment to supplement what she's given. But was there time detail available? Do we know how long counsel worked on a motion in their office that I presume your client really wouldn't know how long they spent drafting for instance a motion in front of the court. Your client would know and the trial court would know what it would see with it does not justice it she would not know what they had spent all the time exactly she knows what the record was that she received that was spent but part of the exchange when you look at the record is the court was going back and forth with the respondent's attorney and asked if they had an expert and certainly on the financial affidavit the number was coming in they weren't contesting that were they and they agreed to that so I think the trial court was reasonable to assume that they were not contesting the amount based upon that exchange which I had cited in my argument. The next issue is the issue of the maintenance and child support. So let's start with the the question was there an agreement as to the term? Absolutely not the there was no agreement it was clear when you look at the conversation that the two attorneys agreed on the statutory duration calculation but they didn't even agree on what happens at the end of that when the trial court inquired John Wright attorney for the petitioner said why she'll just turn he said no I think it's barred at that point in time it was clear to the trial court that there was no agreement there was no meeting of the minds they might have filed stipulations as to the statutory duration if it were ordered that were similar or consistent but that is not an agreement that that issue is that issue is done and over section 502a requires okay first of all we don't look at 502b only you have to look at all of 502 because 502a it breaks it down into the verbal agreements which have to be proven up first and then the written agreements in this case they're focused on 502b but this was not a written agreement we have to go back to 502a and when it says the whole section all agreements are subject to 502 you have to go through that entire section the idea that she did not file or move forward on the motion for temporary relief that's also troublesome because temporary relief is without prejudice if you can point to the temporary order from 2015 and say she should be stuck with that then that order is with prejudice it's not temporary a temporary order is subject to modification at any time and that temporary order is going to be dealt with at the time that the judgment is final so it's a gap filler we need something and and we'll be chasing our tails if we have to decide the final number at the beginning so that's the gap filler that's the number that gets us from the beginning to the end without locking in the final number is that fair yes justice i would also point out that that maintenance is being paid and child support at that point in time from marital funds his earnings that he's receiving during that time is what he's using to pay her so that's really an allocation of marital property during the pendency of the proceeding so he's not prejudiced by the court truing up the numbers at the end otherwise he would have had more money as bank account and when we allocated the bank accounts she would have had more money at that time the and i would go back to the exchange with the trial court because the petitioner did chime in and say no i never agreed to this he's not even talked with me so attorneys we can agree with each other all the time in the hallway and that does streamline things but it's not fair to the litigants that if the two attorneys who still don't even agree on what that agreement was that they're stuck with that agreement there was no reasonable basis for the respondent to walk in that day and believe that temporary maintenance and child support was not at issue he should have known certainly they were aware of it that's the law and the law should be okay based on all of that we would ask that this court affirm the trial court's opinion thank you counsel miss wall on behalf of the appellate you may make your rebuttal argument at this time thank you your honors with respect to counsel's argument that the trial court in determine that the attorney's fees awarded for craftwood and kelly were reasonable i would assert to your honors that that flies in the face of this court's decision in freesian and also its reliance on the kaiser case out of the first district clearly the trial court does have some experience in deciding what the value of certain services are if the trial court for what amount of attorney's fees that were incurred pushed a particular petition forward however in this instance there was no foundation testimony to support the bill of craftwood and kelly and counsel mentions that well the petitioner in her financial affairs affidavit identified that she had a debt of 28 000 and some change with craftwood and kelly actually the petitioner's affidavit an objection was made by respondents council and the trial court sustained that objection and said no i can't just take the petitioner's word for it that it is a debt and that it is a debt in this amount so i would assert that the the order of the trial court is erroneous in granting the attorney's fees to craftwood and kelly as well as john wright the only testimony about john wright's fees were that petitioner's parents paid him a retainer of four thousand dollars at the time of the hearing on all remaining issues there was no evidence as to how much was used of the retainer how much additional bill was expended and in fact post the hearing john wright acknowledged that and filed a petition for contribution and then he didn't have it heard for a couple of years and the court finally dismissed that for want of prosecution with regard to counsel arguing that there is no agreement this is not an instance on the duration of maintenance where the agreement happened in the hallway there are representations to the trial court that the agreement of the parties was the duration of maintenance was 92 months but and but i think council raises a fair point there's the first question is the calculation of the presumed amount and then the second question is whether you're arguing from a for a departure from that amount does the is the record susceptible of being interpreted to mean that there was evidence of an agreement as to that presumed amount calculation not necessarily a waiver of an argument to go beyond it i would argue judge that there are two specific references in the record where petitioner's attorney john wright says we agree judge that maintenance would end in january of 2023 and in a subsequent instance i think it was at the hearing on the post-trial motion he says yes judge there was agreement that the duration was going to end january 2nd of 2023 and then i would argue that if the judge in fact was going to deviate from that durational guideline then he should have articulated in his findings his reason for the trial court indicated in the judgment that maintenance was ordered for a fixed term of 92 months and then he starts the 92 months frankly 30 months after respondent starts paying maintenance council argues while it was part of the marital estate and so the marital estate just was less at the end i believe that's the case when there's a significant marital estate but in this case the only asset of the marriage essentially was respondents ongoing employment and he was paying a significant portion of that in maintenance and child support throughout the duration of this six-year proceeding so on that basis i would assert that the decision of the trial court was wrong but does it does that argument prove too much is that basically saying that should never get credit for a temporary maintenance paid or because it's it's the asset of the estate at that point right and i don't agree with that judge i just think in this particular instance even if you accepted that principle it it doesn't apply in this case because there was no marital estate and i would assert that the the hockstetter case that was cited in fact by petitioner supports my argument that a respondent should receive credit for any amount that's paid on a temporary basis thank you counsel your time is up and uh the court will take this matter under advisement and stand in recess